UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY KAUFFMAN, et al.,<br><br>    Defendants. | No. 2:20-cv-1177 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is incarcerated at Solano County's Stanton Correctional Facility. He is proceeding pro se with an action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. This court finds below that plaintiff has not, and cannot, state a claim under § 1983. Accordingly, this court recommends this action be dismissed.

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915A(b)(1) & (2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13       However, in order to survive dismissal for failure to state a claim a complaint must
14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20       The Civil Rights Act under which this action was filed provides as follows:

21         Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
22         of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
23         or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
27  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
28  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Does Plaintiff State Claims Cognizable under § 1983?**

Plaintiff alleges multiple claims in his complaint. As best this court can tell from plaintiff's allegations, he is a pretrial detainee. All of plaintiff's claims involve his pending state court criminal proceedings. Plaintiff's claims appear to challenge pre-arrest proceedings (i.e., entrapment by "federal agents"), the conduct of witnesses at court proceedings (i.e., false testimony, manufactured evidence), the conduct of his counsel, the conduct of the judge (i.e., violating of right to a speedy trial), and an apparent determination that he is incompetent to stand trial. None of these allegations state claims that are cognizable in an action under 42 U.S.C. § 1983.

Federal courts may not interfere with pending state criminal cases, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37 (1971). If the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case, irreparable injury does not exist. Further, "even irreparable injury is insufficient [to allow interference] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). None of plaintiff's allegations demonstrate such extraordinary circumstances.

In addition, to the extent plaintiff seeks a release from custody, any challenge to the legality of his custody must be raised in a petition for a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff is warned that he may not seek habeas relief in this court until he has exhausted his state court remedies by giving the California courts a full and fair opportunity to rule on his claims. 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276 (1971).

Finally, to the extent plaintiff seeks damages for currently being in custody, plaintiff is informed he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of such custody. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). In other words, before plaintiff

////

may bring suit for damages based on his claims herein, he must first succeed on a habeas petition challenging the basis for his custody.

For all of the above reasons, plaintiff's complaint should be dismissed.  Because this court finds plaintiff cannot succeed on any challenge under § 1983 to his pending state criminal case, permitting plaintiff to amend the complaint would be futile.  Dismissal should be without leave to amend.[1]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 11, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/rami1177.scrn fr

---

[1] Because this court finds this action should be dismissed without leave to amend, it does not address plaintiff's motion to proceed in forma pauperis.